*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VELA TRANSPORT, LLC,

      Plaintiff-Appellant,

v

SCOTT FORREST,

      Defendant-Appellee.

UNPUBLISHED
July 14, 2026
2:36 PM

No. 374346
Kent Circuit Court
LC No. 18-009928-CB

Before: RICK, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Plaintiff, Vela Transport, LLC, appeals as of right from a final judgment entered by the trial court following a jury verdict awarding plaintiff $22,575.09 in damages. Although the jury rendered a verdict in plaintiff's favor, the trial court's final judgment did not incorporate the jury's award to plaintiff. Plaintiff contends on appeal that the trial court erred as a matter of law by failing to enter judgment consistent with the jury verdict, in contravention of Michigan law and public policy. For the reasons set forth in this opinion, we conclude that this appeal is moot and therefore must be dismissed.

Pursuant to MCR 2.515(B), a trial court is required to enter judgment in accordance with the jury's findings. See also MCL 600.309a(1), (2). These authorities codify the fundamental principle that a trial court's judgment must reflect and give effect to the factual determinations rendered by the jury. Thus, where a jury has determined liability and damages, the court is generally obligated to enter judgment accordingly.

As a threshold matter, Michigan courts are empowered to decide only actual cases and controversies. See *Can IV Packard Square v Packard Square, LLC*, 328 Mich App 656, 661; 939 NW2d 454 (2019). The doctrine of mootness precludes this Court from deciding issues where subsequent events have rendered it impossible to grant effective relief, or where a judgment would lack any practical legal effect. See *CD Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 406; 834 NW2d 878 (2013); *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803

NW2d 698 (2010). Generally, this Court will dismiss appeals as moot without reaching the merits. *Gleason v Kincaid*, 323 Mich App 308, 315; 917 NW2d 685 (2018).

Here, after plaintiff filed its claim of appeal, it moved for peremptory reversal, asserting that the trial court's judgment failed to reflect the jury's verdict. This Court subsequently issued an order of limited remand, instructing the trial court to reconsider plaintiff's motion to correct the judgment.[1] On remand, the trial court entered an amended judgment on October 3, 2025, which offset plaintiff's $22,575.09 jury award against defendant's $36,000 award, thereby complying with the applicable law and court rules. Because the trial court has already granted plaintiff the relief sought on appeal, there is no longer an existing controversy, and dismissal is required on grounds of mootness. See *Gen Motors Corp*, 290 Mich App at 386.

Dismissed. No costs are awarded. MCR 7.219(A).

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Stephen L. Borrello

---

[1] *Vela Transport, LLC v Forrest*, unpublished order of the Court of Appeals, entered September 8, 2025 (Docket No. 374346).